FILED: 6/28/2021 4:16 PM
Vermont Superior Court
Washington Unit
21-CV-01703

USDC - DVT
2:21-cv-178

STATE OF VERMONT

SUPERIOR COURT                                    CIVIL DIVISION
WASHINGTON UNIT                                   DOCKET NO.

TINA GRAY-RAND, MICHAEL            )
HAMMOND, WILLIAM ROYALS,          )
TAYLOR COOK, and others similarly )
situated,                          )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )
                                   )
VERMONT AGENCY OF                  )
HUMAN SERVICES,                    )
MICHAEL SMITH, Secretary of the    )
Agency of Human Services,          )
SEAN BROWN, Commissioner of the    )
Department for Children and Families, )
        Defendants.                )

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF – CLASS ACTION

**INTRODUCTION**

1.    On June 30, 2021,[1] Defendants plan to oust hundreds of disabled homeless

Vermonters from the only shelter they have: motel rooms provided through the General

Assistance emergency housing program ("GA").  On behalf of themselves and a class of

disabled GA participants and applicants, Plaintiffs Tina Gray-Rand, Michael Hammond,

William Royals, and Taylor Cook ("Plaintiffs") bring this action pursuant to 3 V.S.A. §

807 of the Vermont Administrative Procedure Act ("APA"), Article 4 of the Vermont

Constitution, and 42 U.S.C. § 1983, alleging violations of the Due Process Clause of the

Fourteenth Amendment to the United States Constitution.  Plaintiffs seek declaratory and

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[1] Plaintiffs have presented varying reports of the date they are expected to vacate their motel rooms.  Some indicated they were told to get out by June 30, 2021, while others were advised to leave by July 1, 2021.

injunctive relief to stop the Agency of Human Services, its Secretary Michael Smith, and Sean Brown, Commissioner of the Department for Children and Families ("Defendants") from denying Plaintiffs the opportunity to obtain or remain sheltered through the GA emergency housing program, and to afford them with appropriate due process.

2.      Defendants are terminating or denying GA benefits to Plaintiffs pursuant to an unlawful "rule" – a rule not implemented in accordance with the APA.  In addition to this fundamental violation of Plaintiffs' due process rights under the APA, many Plaintiffs suffered a second violation of their due process rights when Defendants denied them the opportunity to apply or reapply for benefits, failed to provide them with written notice of the basis for the denial, and denied them the opportunity to request a fair hearing. Plaintiffs, as people with disabilities who are currently experiencing homelessness, file this action to vindicate their rights and the rights of similarly situated GA emergency housing applicants and motel residents – the right to have their eligibility for GA be based on rules that are promulgated through appropriate process, and to be afforded with the fundamentals of due process of notice and a right to be heard.  They assert their right to these basic protections before they are put out on the streets.

3.      Because of their disabilities, Plaintiffs are particularly vulnerable should they be forced to live without shelter.  Their physical or mental health conditions are likely to worsen.  Plaintiffs are extremely low-income, and many have no income whatsoever,[2] so they cannot afford alternative safe shelter or housing in the absence of GA.  Their health will be at immediate risk of harm if they are denied GA emergency housing benefits.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[2] Data from January 27, 2021, showed that 22% of people experiencing homelessness in Vermont reported having no cash income whatsoever during the previous twelve month period.  *See* Department for Children and Families, *Information about General Assistance Emergency Housing Clients based on Coordinated Entry HMIS Data*, p. 3 Available at https://dcf.vermont.gov/sites/dcf/files/OEO/GA-EH-Data.pdf.

4.      Over the course of the COVID-19 state of emergency, Defendants have issued

several "rules" and "policies" governing the GA emergency housing program.  This

action challenges the legal validity and applicability of just one rule from the

"Emergency Housing Waiver and Variance of Rules" dated June 1, 2021: eligibility

based on disability as defined by Rule EH-720.  The text of EH-720 challenged in this

action is as follows:

> A household that includes a person with a disability, includes someone
> who receives SSI, SSDI, VA disability benefits, Medicaid for the Aged,
> Blind and Disabled (MABD), or whose health care professional provides
> documentation that the individual is unable to work due to a disability for
> at least three months.

Rule EH-720 is attached as Exhibit 1.[3]

5.      Before they are forced out of the only shelter they have, Plaintiffs present this

class action and seek expedited relief to exercise their right to be governed by rules that

are lawfully and timely promulgated, and to be afforded basic due process protections.

### JURISDICTION

6.      This Court has jurisdiction over this action for declaratory and injunctive relief

pursuant to the Vermont Administrative Procedure Act, 3 V.S.A. § 807.

7.      This Court has jurisdiction over Plaintiffs' claims under Article 4 of the Vermont

Constitution.

8.      This Court has jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 1983.

### PARTIES

9.      Plaintiff Tina Gray-Rand is a 57-year-old resident of Washington County,

Vermont.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[3] The full set of rules is available at https://dcf.vermont.gov/sites/dcf/files/CVD19/ESD/Emergency-Housing-Rules-6-1-21.pdf.

10.     Plaintiff Michael Hammond is a 37-year-old resident of Chittenden County, Vermont.

11.     Plaintiff William Royals is a 59-year-old resident of Chittenden County, Vermont.

12.     Plaintiff Taylor Cook is a 30-year-old resident of Chittenden County, Vermont.

13.     Defendant Michael Smith is the Secretary of the Vermont Agency of Human Services ("AHS") and is charged by law with directing and supervising the Agency of Human Services.  He is being sued in his official capacity.

14.     Defendant Sean Brown is the Commissioner of the Department of Children and Families ("DCF" or "the Department").  DCF is one of the six departments that comprise AHS.  DCF runs the GA Emergency Housing Program through its Economic Services Division ("ESD").  He is being sued in his official capacity.

### INDIVIDUAL PLAINTIFFS

*Plaintiff Tina Gray-Rand*

15.     Plaintiff Tina Gray-Rand has been participating in the GA emergency housing program since December 2019.

16.     She has several disabling conditions, including post-traumatic stress disorder.

17.     Ms. Gray-Rand receives treatment for these conditions from Washington County Mental Health.  She has a primary care provider but does not receive treatment for her mental health disabilities from her doctor.

18.     She has been working with the Division of Vocational Rehabilitation of the Department of Disabilities, Aging and Independent Living because her disabilities impact her ability to work.

19.     She does not receive SSI, SSDI, VA disability benefits, or Medicaid for the Aged, Blind and Disabled.[4]

20.     On or about June 7, 2021, Ms. Gray-Rand was informed by DCF staff from the Barre District Office that the GA emergency housing program was ending, and that Ms. Gray-Rand had to vacate her motel room by June 30, 2021, because she does not have a disability that keeps her from working and she did not meet other categorical eligibility criteria.

21.     Upon information and belief, Ms. Gray-Rand's counselor submitted a GA application on behalf of Ms. Gray-Rand along with a 210A form (the Training and Employment Medical Report for GA).

22.     Defendants did not take prompt action on Ms. Gray-Rand's application.

23.     Ms. Gray-Rand called the Department's Barre District Office on or about June 21, 2021. DCF staff told her that there was missing information on her 210A form, and that verification of disability and inability to work from her mental health counselor was insufficient. DCF staff told Ms. Gray-Rand her application would not be considered unless she obtained a 210A form from her medical provider as well.

24.     Upon information and belief, Ms. Gray-Rand's counselor submitted an updated and complete 210A form to Defendants on or about June 24, 2021. Ms. Gray-Rand is unable to obtain a 210A form from her medical provider.

25.     The 210A form is not a necessary to apply for GA, even with Rule EH-720 as is. Defendants' procedures provide that a letter from a healthcare provider suffices. See GA

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[4] Receipt of Supplemental Security Income (SSI), Social Security Disability Insurance (SSDI), VA disability benefits, or Medicaid for the Aged, Blind and Disabled (MABD) makes the individual automatically eligible for GA. For that reason, this Action only relates to claims for benefits for individuals with disabilities *not eligible* for those other public benefit programs.

COVID Procedures (June 1, 2021), p. 7, available at

https://dcf.vermont.gov/sites/dcf/files/CVD19/ESD/GA-COVID-Procedures-6-1-21.pdf.

26.     Nothing in the rule or procedures requires documentation from a physician rather than a mental health provider.

27.     Ms. Gray-Rand still has not received a written notice of decision from Defendants.

28.     With no written notice of decision, upon information and belief, Ms. Gray-Rand was not given written notice of the basis for the denial, notice of any waiver or variance process (if applicable), or notice of how to request a fair hearing or reasonable accommodation.

29.     Plaintiff Gray-Rand is subject to imminent risk of significant harm from Defendants' planned implementation of Rule EH-720.

30.     Upon being forced to vacate her GA motel room on June 30, 2021, Ms. Gray-Rand will have no other place to stay.  She reports being a "wreck" because she does not know what is going to happen to her, and fears that her mental, emotional, and physical health will deteriorate without shelter.  She worries that she will be victimized by criminal activity and violence.  Being without shelter will "devastate [her] life."  *See Affidavit of Tina Gray-Rand*, ¶ 22.

31.     Plaintiff Gray-Rand has suffered significant harm from being denied GA emergency housing, or in the alternative, constructively denied GA housing because her application was not promptly processed, without receiving a written notice of decision informing her of the basis of denial, any variance or waiver request available, and information on how to request a fair hearing or reasonable accommodation.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

32.     Ms. Gray-Rand has suffered harm from being subjected to a "rule" that was not promulgated in accordance with the law.

***Plaintiff Michael Hammond***

33.     Plaintiff Michael Hammond has been participating in the GA emergency housing program since October 2020.

34.     He has several disabling mental health conditions, including post-traumatic stress disorder, depression, anxiety, and substance use disorder.

35.     Although he is not currently receiving treatment for his disabilities, he has received treatment for them in the past.

36.     Mr. Hammond is not receiving SSI, SSDI, VA disability benefits, or MABD.

37.     On or about June 14, 2021, Mr. Hammond spoke to a DCF worker from the Burlington District Office by telephone.  The worker told him that he would have to leave the motel on July 1, 2021, because the GA emergency housing program was ending.

38.     To date, Plaintiff Hammond has not received a written notice of decision from DCF or an explanation of why he is no longer eligible for assistance.

39.     With no written notice of decision, upon information and belief, Mr. Hammond has not received notice of the specific basis for the denial, notice of any variances or waivers available, notice of how to request a fair hearing to dispute the decision, or how to seek a reasonable accommodation.

40.     Mr. Hammond is subject to imminent risk of harm from Defendants' planned implementation of Rule EH-720.

41.     Michael Hammond has nowhere to go.  He fears that his mental and physical health will deteriorate.  He worries that he will experience racial harassment and

violence.  He does not want to get in trouble for sleeping in a place that is not legal.  In anticipation of being unsheltered on July 1, Mr. Hammond is already suffering emotionally and mentally.  *See Affidavit of Michael Hammond*.

42.    Mr. Hammond has suffered harm from being denied the opportunity to apply for GA emergency housing, or in the alternative, from being denied GA emergency housing, without receiving a written notice of decision informing him of the basis of denial, any variances or waivers available, and information on how to request a fair hearing or reasonable accommodation.

43.    Plaintiff Michael Hammond has suffered harm from being subjected to a "rule" that was not promulgated in accordance with the law.

**Plaintiff William Royals**

44.    Plaintiff William Royals has been participating in the GA emergency housing program since March 2021.

45.    He has a physically disabling condition, specifically, serious sciatic nerve damage, which sometimes causes him to lose the ability to walk for days at a time.

46.    Mr. Royals receives health care for his condition.

47.    His medical provider has previously certified that he was unable to work due to his condition on a 210A form provided by the Department.  Mr. Royals believes that the certification form indicated that his condition was expected to last until mid-June of 2021.

48.    Mr. Royals believes his doctor will certify his ongoing inability to work. Unfortunately, he was unable to get an appointment to see his doctor any sooner than July 8, 2021, a week after the GA rules are scheduled to take effect.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

49.    Mr. Royals does not receive SSI, SSDI, VA disability benefits, or MABD.

50.    On or about June 16, 2021, Mr. Royals went to DCF's Burlington District Office to reapply for the GA emergency housing program.  A worker told him the program was ending and that he had to vacate his motel room by July 1, 2021.

51.    Defendants did not provide Mr. Royals with a written notice of decision.

52.    With no written notice of decision, upon information and belief, Mr. Royals has not received notice of the specific basis for the denial, notice of any variances or waivers available, notice of how to request a fair hearing to dispute the decision, or how to seek a reasonable accommodation.

53.    Mr. Royals is subject to imminent risk of harm from Defendants' planned implementation of Rule EH-720.

54.    Upon being forced to vacate GA emergency housing on July 1, 2021, he will have "nowhere to go except [a] barn with rodents and without any plumbing."  William Royals reasonably believes that his physical health will worsen as a result.  *See Affidavit of William Royals.*

55.    Mr. Royals has suffered harm from being denied the opportunity to apply for GA emergency housing, or in the alternative, from being denied GA emergency housing, without receiving a written notice of decision informing him of the basis of denial, any variance request available, if applicable, and information on how to request a fair hearing or reasonable accommodation.

56.    Plaintiff William Royals has suffered harm from being subjected to a "rule" that was not promulgated in accordance with the law.

***Plaintiff Taylor Cook***

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

57.     Plaintiff Taylor Cook has been participating in the GA emergency housing program since October 2020.

58.     Plaintiff Cook has several disabling conditions.  They work with health care providers and receive treatment for their disabilities.

59.     Thanks to the stability provided by the GA program, Plaintiff Taylor Cook has been able to return to work as of January 2021.

60.     Upon information and belief, they do not receive SSI, SSDI, VA disability benefits, or MABD.

61.     On or about June 7, 2021, Defendants' staff at the Burlington District Office told Taylor Cook by telephone that the GA emergency housing program was ending, and that that they had to vacate their motel room by June 30th because they did not have a disability that prevented them from working.

62.     Defendants did not send Plaintiff Cook a written notice of decision.

63.     With no written notice of decision, upon information and belief, Taylor Cook has not received written notice of the specific basis for the denial, notice of any variances or waivers available, notice of how to request a fair hearing to dispute the decision, or how to seek a reasonable accommodation.

64.     Plaintiff Cook is subject to imminent risk of harm from Defendants' planned implementation of Rule EH-720.

65.     Upon being forced to vacate GA emergency housing on July 1, 2021, Taylor Cook will have nowhere to go and will have nowhere to live but their van.  They reasonably fear that their mental health will deteriorate and lead to a mental health crisis. *See Affidavit of Taylor Cook*.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

66.    Taylor Cook has suffered harm from being denied the opportunity to apply for GA emergency housing, or in the alternative, from being denied GA emergency housing, without receiving a written notice of decision informing them of the basis of denial, any variances or waivers available, and information on how to request a fair hearing or reasonable accommodation.

67.    Plaintiff Taylor Cook has suffered harm from being subjected to a "rule" that was not promulgated in accordance with the law.

## CLASS ALLEGATIONS

68.    This action is brought as a class action pursuant to V.R.C.P. 23(b)(2).

69.    The proposed class definition is as follows:  Recipients of, and applicants to, the General Assistance emergency housing program who: (i) have a diagnosed disability or who are regarded as having a disability, defined as a physical or mental impairment that substantially affects a major life activity; (ii) satisfy GA eligibility criteria provided by GA Emergency Housing Rules (June 1, 2021) other than Rule EH-720, or satisfied GA eligibility criteria provided by General/Emergency Temporary Housing Waiver and Variance of Rules (April 29, 2021); and (iii) were denied the opportunity to apply for GA, were told they were ineligible for GA, were unable to timely obtain verification of eligibility, or were denied GA, based on Defendants' interpretation of GA Emergency Housing Rules (June 1, 2021) definition of disability in Rule EH-720.

70.    The proposed class is so numerous that joinder of all members would be impracticable.  There were approximately 700 beneficiaries who received GA emergency housing as of June 1, 2021 that are at risk of termination or denial.  An unknown number

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

of additional class members may have applied for benefits and been denied in June 2021, and an unknown number will apply for benefits after the date this Complaint is filed.

71.     There are specific questions of law that are common to the class, specifically: (i) whether Defendants violated applicable state law by imposing changes to the GA emergency housing program without properly promulgating those changes pursuant to the APA, (ii) whether Defendants violated Plaintiffs' rights under Article 4 of the Vermont Constitution by failing to provide them with appropriate due process; and (iii) whether Defendants violated Plaintiffs' rights under the Fourteenth Amendment to the United State Constitution by depriving them of appropriate due process.

72.     Plaintiffs' claims are typical of those of the plaintiff class.

73.     Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs' counsel is a statewide nonprofit law firm that specializes in, among other things, public benefits law, with extensive experience in representation of classes.

74.     Defendants have acted on grounds that apply to the class as a whole, making injunctive and declaratory relief appropriate with respect to the class.

### FACTS

75.     The General Assistance program is administered by the Department for Children and Families ("DCF" or "Department").  33 V.S.A. § 104(b)(1)(E).  GA "provide[s] the necessities of life," including shelter, for those in need and found eligible.  33 V.S.A. § 2101(4).  The Commissioner of DCF is authorized to establish eligibility standards and regulations for the provision of assistance.  33 V.S.A. § 2103(b), § 2104(b).

76.     Program rules prior to the pandemic are the GA Rules 2600-2683 (for households without dependents) and the Emergency Assistance Rules 2800-2874 (for households

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

with dependent children up to age 21).[5]  Under those rules, to be eligible for GA

emergency housing, in addition to demonstrating that the applicant household was

homeless due to no fault of their own, applicants had to satisfy income and resource

restrictions, and fall into one or more "categorical eligibility" definitions of "vulnerable"

household (like a family with a child under the age of 7) or "catastrophic" circumstances

(like loss of housing due to a fire or flood).

77.     Pursuant to statute, GA emergency housing "shall" be provided to eligible persons

with a proven need "without restriction of individual rights," and administered so as to

"maintain and encourage dignity."  33 V.S.A. § 101(1, 3, 4).

78.     Rules governing all programs of the Economic Services Division ("ESD") of the

Department, including GA, provide that any person who wishes to apply or reapply for

benefits or services must be given the opportunity to do so without delay.  See All

Programs Rules 2000(G)(1).[6]

79.     Prompt action must be taken on applications for benefits and applicants must be

notified in writing of the Department's decision on the application.  *Id.* at 2000(G)(2).

80.     The Department is responsible for providing "prompt notification of changes

affecting [applicants and recipients] eligibility or amount of aid or benefits," and must

"provide assistance to recipients, when requested, in obtaining needed information," and

obtain information on its own when the recipient is "unable to do so, due to physical,

mental or other difficulties."  *Id.* at 2000(H).

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[5] Pre-pandemic rules for General Assistance and Emergency Assistance are available at
https://dcf.vermont.gov/esd/rules/current.
[6] Available at https://dcf.vermont.gov/sites/dcf/files/ESD/Rules/FullRules/2000-All-Programs.pdf.

81.     On March 30, 2020, Act 91 (2020) was signed into law.  Section 1 of the Act stated: "During a declared state of emergency in Vermont as a result of COVID-19, the Agency of Human Services shall consider waiving or modifying existing rules, or adopting emergency rules, to protect access to . . . human services under the Agency's jurisdiction."  Section 4 provided for compliance flexibility by authorizing "the Secretary of Human Services [to] waive or permit variances from [certain] State rules and standards governing providers of health care services and human services…"

82.     In March or April of 2020, provision of shelter services for Vermonters experiencing homelessness was dramatically transformed in response to the pandemic. To prevent the spread of disease in congregate shelters and among people experiencing homelessness, AHS responded promptly by waiving the GA program rules 2600, *et seq.*, and 2800, *et seq.*, in their entirety, including "categorical eligibility" (catastrophic circumstances or vulnerable populations).  Importantly, the "All Programs" rules at 2000 *et seq.* were not waived.

83.     Upon information and belief, when the Department waived the GA rules, it implemented an unpublished COVID GA Policy, referenced in several Human Services Board hearing decisions.  *See* VT HSB FH-B-08/20-485,[7] at p. 4; VT HSB FH-A-07/20-453,[8] at p. 2 (indicating that "it would be advisable for the Department to also post this policy on the website").

84.     The Department instituted several "policies" for the GA program in June and July of 2020, some restricting program eligibility for applicants, and others introducing rules related to termination for program participants.  These notices were posted to the

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[7] Available at https://outside.vermont.gov/agency/AHSHSB/Orders/Documents/2020/FH-B-08-20-485.pdf.
[8] Available at https://outside.vermont.gov/agency/AHSHSB/Orders/Documents/2020/FH-A-07-20-453.pdf.

Department's website and, upon information and belief, delivered to program participants via staff of motels where GA program participants were housed. See "Temporary Housing Policies – Before August 11, 2020," available at https://dcf.vermont.gov/esd/covid19.

85.    On July 6, 2020, Act 140 was signed into law. Section 13 amended Act 91, Section 1, eliminating the term "waiving" and sunsetting its provisions on March 31, 2021. Section 4 of Act 91 was amended to sunset its waiver and variance provisions for rules governing providers through March 31, 2021, rather than the end of the state or emergency.

86.    On August 11, 2020, the Department posted new GA program rules on its website. See "General/Emergency Temporary Housing Waiver and Variance of Rules Through March 31, 2021" (August 11, 2020).[9] In the preamble for the rules, the Department stated as follows: "Due to COVID-19 the General Assistance temporary housing program has been modified to move away from categorical eligibility to better assist with housing Vermonters who are homeless."

87.    Upon information and belief, the Department did not promulgate the August 11 program rules pursuant to the APA.

88.    The Department posted three modified versions of the August 11 rules during October and November of 2020, available under "Temporary Housing – Rule Waivers and Variances," at https://dcf.vermont.gov/esd/covid19/. These rules were set to remain in effect until March 31, 2021.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[9] Also available at https://dcf.vermont.gov/sites/dcf/files/CVD19/ESD/Temp-Housing-COVID19.pdf.

89.     Upon information and belief, the Department did not promulgate the October and November rules pursuant to the APA.

90.     On or about December of 2020, DCF proposed an "Emergency Housing Initiative" that would eliminate the GA program as of October 1, 2021, shifting the responsibility of providing shelter to Vermonters experiencing homelessness to community providers.[10]

91.     On March 26, 2021, the draft budget bill passed by the Vermont House of Representatives rejected the Department's proposal to eliminate GA.[11]  Instead, the House included bill language at Section E321.1 with a directive: the Department was to convene a "General Assistance working group" of Administration officials and community providers of services for people experiencing homelessness in order to generate a proposal for the GA program for fiscal year 2022.  Vermont Legal Aid participated in the GA working group.

92.     On March 30, 2021, Act 6 was passed into law.  Act 6 extended the sunset of Act 140's amendments to Act 91, Sections 1 and 4, to March 31, 2022.

93.     The Department posted another set of rules on March 31, 2021, extending the previous rule set until April 30, 2021, to coincide with legislative review of the GA working group's proposal.[12]

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

[10] Available at https://dcf.vermont.gov/sites/dcf/files/OEO/EHI/EHI-Budget-Narrative.pdf.
[11] Available at https://legislature.vermont.gov/Documents/2022/Docs/BILLS/H-0439/H-0439%20As%20Passed%20by%20the%20House%20Unofficial.pdf.
[12] Available at https://dcf.vermont.gov/sites/dcf/files/CVD19/ESD/Temp-Housing-COVID19-%283.31.21%29.pdf.

94.    On April 21, 2021, the Department submitted a proposal, entitled "SFY22 –
Emergency Housing Program," to the Legislature reflecting the consensus position of the
General Assistance working group.  See Exhibit 2.[13]

95.     Under the terms of that proposal, new eligibility criteria would be instituted as of
June 1 for new GA applicants.  Those approved for GA during April and May of 2021
would not be subject to the new eligibility criteria until July 1.  *Id.* at p. 2.

96.    In addition to various other eligibility criteria, including income and resource
restrictions, the proposal set forth "categorical eligibility," requiring at least one member
of an applicant household to fall into one or more categories reflecting particular
vulnerability to being unsheltered (*e.g.*, a family with a child or children) or catastrophic
situations (*e.g.*, loss of housing due to a natural disaster).  One category was defined as:

> Households including a person with a disability, including but not limited
> to those receiving SSI, SSDI, or VA disability benefits.

*Id.*

97.    The proposal includes no reference to inability to work for persons with
disabilities.  Pursuant to the proposal, all program participants would be subject to an
income limit of 185% of the federal poverty level.  *Id.* at p. 3.  The proposal does not
indicate that one particular group would be subject to an income limit of 0% of the
federal poverty level.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[13] Also available at https://ljfo.vermont.gov/assets/Meetings/Joint-Fiscal-Committee/2021-04-22/c26cbc1032/Emergency-Housing-Program-SFY22-DCF.pdf.

98.    The Department posted a set of GA program rules on April 29, 2021, extending the previous set of rules until June 30, 2021, for households participating in GA as of May 31, 2021.[14]

99.    Plaintiffs, other than class members who applied for the program after June 1, 2021, were found eligible for GA pursuant to the April 29, 2021, GA program rules.

100.    Plaintiffs have chosen not to challenge the validity of the April 29th rules.

101.    At a meeting of the GA Working Group on May 5, 2021, DCF Commissioner Brown said that the meaning of "person with a disability" was not a narrow, income-based definition.  Instead, he indicated that community providers' "coordinated entry" data was a better reflection of who may be eligible for GA, and that no one would be discouraged from applying.  *See* May 5 meeting of the GA working group, available at https://www.youtube.com/watch?v=xtm27zQsOPE, timestamp 0:00-1:18.

102.    A member of the GA working group said "I just wanted to be sure there isn't some new or limited definition of disability that we aren't aware of."  Commissioner Brown assured her there was not.  *Id.*

103.    Pursuant to the April 29 GA rules, GA program participants are required to participate in "coordinated entry" to maintain eligibility.[15]  Through "coordinated entry," people experiencing homelessness complete an assessment to determine their housing and service needs.  The coordinated entry assessment questionnaire form for the Vermont Coalition to End Homelessness asks: "Do you or anyone in your household have a

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[14] Available at https://dcf.vermont.gov/sites/dcf/files/CVD19/ESD/Temp-Housing-COVID19-%284.29.21%29.pdf.

[15] See *General/Emergency Temporary Housing Waiver and Variance of Rules* (April 29, 2021), Rule GA-100.  Available at https://dcf.vermont.gov/sites/dcf/files/CVD19/ESD/Temp-Housing-COVID19-%284.29.21%29.pdf.

disabling condition, such as alcohol and/or drug abuse, a chronic health condition, a

mental health problem, HIV/AIDS, a developmental disability or another physical

disability?  You don't need to be receiving services or treatment to have a disability."[16]

104.    The "coordinated entry" definition of disability is not tied to an inability to work.

105.    The GA working group's proposal was discussed in Budget Conference

Committee on May 14, 2021.[17]  Legislators on the Committee approved language

reflecting the group's consensus positions with no further discussion during the meeting.

106.    Budget language reflecting a commitment to the terms of the proposal was passed

into law on June 8, 2021.  See Act 74 (2021).  Specifically, Sec. E.321(b) provides the

following: the "Commissioner for Children and Families, in consultation with the

emergency housing working group established by the House Appropriations Committee,

has identified and shall implement new emergency housing eligibility criteria," and

indicating that those criteria "shall remain in effect for the duration of fiscal year 2022

unless there is a need to expand eligibility in response to a public health emergency or

other emergency."[18]

107.    Defendants implemented new "rules" for GA on June 1, 2021.  Unlike the

proposal presented to the Legislature, the eligibility category for households including a

person with a disability was defined as follows:

> A household that includes a person with a disability, includes someone
> who receives SSI, SSDI, VA disability benefits, Medicaid for the Aged,
> Blind and Disabled (MABD), or whose health care professional provides

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

---

[16] See Vermont Coalition to End Homelessness Housing Assessment, p. 2, available at
https://helpingtohousevt.org/wp-content/uploads/2021/02/Microsoft-Word-VCEH-Housing-Assessment-
1.2021.docx.pdf.  A more limited definition of disability is used in the assessment to determine eligibility
for particular housing programs and is not relevant here.

[17] Available at https://www.youtube.com/watch?v=bCW4RHbb5MM, timestamps 3:15-6:55.

[18] Available at
https://legislature.vermont.gov/Documents/2022/Docs/ACTS/ACT074/ACT074%20As%20Enacted.pdf.

documentation that the individual is unable to work due to a disability for
at least three months.

See Rule EH-720 (attached as Exhibit 1).

108.    Defendants did not promulgate the "rules" in accordance with the APA, 3 V.S.A.
§§ 800 *et seq.*, by timely filing them with the SoS and LCAR, and by providing as much
notice and hearing for the public and legislators as was practicable under the
circumstances.

109.    Failure to properly file emergency rules with LCAR and the SoS prevents the
rules from taking effect as a matter of law.  3 V.S.A. § 846(a).

110.    Plaintiffs' counsel asked Defendants to file emergency rules on June 9, 2021.  See
Exhibit 3.

111.    Plaintiffs' counsel again asked Defendants to file emergency rules against on June
18, 2021.  See Exhibit 4.

112.    Defendants responded to Plaintiffs' counsel, declining to file emergency rules.
See Exhibit 5.

113.    Upon information and belief, some Plaintiffs were informed of the new rules at
the beginning of June of 2021 through form letters outlining the new eligibility criteria,
calls from Department staff at their local District Office, and/or from their housing case
managers.

114.    Plaintiffs' understanding of the rules, as communicated to them by Defendants,
was that they were not eligible for GA and would be required to leave their motel rooms
no later than June 30, 2021 (and in some cases, July 1, 2021), or that they were ineligible,
and there was no point in applying.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

115.    Defendants thereby constructively denied Plaintiffs the opportunity to apply for GA benefits by predetermining their lack of eligibility.

116.    Defendants did not provide Plaintiffs with written notices of decision describing the basis for their ineligibility.

117.    Defendants did not advise Plaintiffs, in writing, of additional verifications that could be used to support their applications.

118.    Defendants did not provide Plaintiffs with written notice of their right to request a fair hearing.

119.    Upon information and belief, some Plaintiffs who applied for GA despite being advised that they were ineligible by Defendants did not receive a "prompt action" on their applications.

120.    Upon information and belief, Defendants have not been consistent in their requests for verification of disability.  While some applicants are only required to provide a note from a healthcare provider indicating that they (1) have a disability and (2) are unable to work for three months because of their disability, others are being required to provide a substantially more invasive 210A form.  Further, some class members have been advised that a medical doctor must complete the form rather than a mental healthcare provider.  *See, e.g.*, *Affidavit of Tina Gray-Rand*, ¶ 15.

121.    Upon information and belief, Plaintiffs have not been advised of any waiver or variance process available by Defendants.

122.    Upon information and belief, Plaintiffs were not advised of their right to request a reasonable accommodation related to the Defendants' application process or procedure for emergency housing benefits.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

123.    Plaintiffs have suffered harm by being deprived of adequate notice of the rules, an opportunity to apply or reapply for benefits, prompt action on the part of Defendants, written notices of decision, and notice of the right to request a fair hearing or request a reasonable accommodation.

124.    Plaintiffs have suffered harm by being subjected to rules that were not lawfully promulgated in accordance with the APA.

125.    The harm of being subjected to rules not lawfully promulgated is ongoing.

126.    Plaintiffs have suffered or will suffer the harm of being unsheltered due to implementation of GA emergency housing rule EH-720 by Defendants.

127.    If unsheltered, Plaintiffs will face immediate and irreparable harm to their health. Their personal safety will be at risk, and their personal possessions will not be secure. Plaintiffs will be in danger of running afoul of local ordinances and state law if they are unable to find a legal resting place.

128.    Plaintiffs are and will continue to suffer harm by reason of Defendants' actions complained of herein.

129.    As this action challenges the legal validity of an agency rule, Plaintiffs have no other remedy at law.  Only the declaratory and injunctive relief that this Court can provide will fully redress the wrongs done to Plaintiffs.

## CAUSES OF ACTION

## COUNT I – ADMINISTRATIVE PROCEDURE ACT

130.    The validity or applicability of a rule may be determined in an action for declaratory judgment where it is alleged that the rule, or its threatened application, threatens to interfere with or impair the legal rights of the plaintiff.  3 V.S.A. § 807.

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

131.    Emergency rules may be adopted after whatever notice and hearing is practical under the circumstances.  3 V.S.A. § 844(a).

132.    Emergency rules must be filed with the Secretary of State and Legislative Committee on Administrative Rules.  3 V.S.A. § 844(c).

133.    Failure to file a rule with the Secretary of State or with the Legislative Committee on Administrative Rules prevents a rule from taking effect.  3 V.S.A. § 846(a).

134.    Plaintiffs' right to ongoing GA benefits were denied or constructively denied pursuant to application of rules that are legally invalid.

135.    Plaintiffs seek a declaratory judgment that Rule EH-720 of the Emergency Housing Waiver and Variance of Rules (June 1, 2021) is invalid pursuant to 3 V.S.A. § 846, and their eligibility for GA should be evaluated without regard to EH-720.

**COUNT II – ARTICLE 4 OF THE VERMONT CONSTITUTION**

136.    Article 4 of the Vermont Constitution provides that "[e]very person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character; every person ought to obtain right and justice, freely, and without being obliged to purchase it; completely and without any denial; promptly and without delay; conformably to the laws."

137.    By evaluating Plaintiffs' eligibility for GA emergency housing using rules not promulgated in accordance with law, Defendants violated the principles of due process as provided in Article 4 of the Vermont Constitution.

138.    Defendants' failure to provide Plaintiff GA emergency housing applicants and participants with the opportunity to apply or reapply for benefits, their failure to act promptly on applications, their failure to provide written notices of decision, their failure

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

to inform Plaintiffs of their right to request a fair hearing, their failure to provide notice

of any available variances or waivers, and their failure to notify persons denied assistance

of the ability to request a reasonable accommodation violates Article 4's due process

protections.

**COUNT III – 42 U.S.C. § 1983, PROCEDURAL DUE PROCESS PURSUANT TO THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

139.    42 U.S.C. § 1983 provides as follows: "Every person who, under color of any

statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be

subjected, any citizen of the United States or other person within the jurisdiction thereof

to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress..."

140.    Defendants Michael Smith and Sean Brown at all times relevant to this matter

have acted under color of law within the meaning of 42 U.S.C. § 1983.

141.    The Fourteenth Amendment to the United States Constitution provides that "[n]o

State shall make or enforce any law which shall abridge the privileges or immunities of

citizens of the United States; nor shall any State deprive any person of life, liberty, or

property, without due process of law; nor deny to any person within its jurisdiction the

equal protection of the laws."

142.    Defendants' failure to provide Plaintiff GA emergency housing applicants and

participants with the opportunity to apply or reapply for benefits, their failure to act

promptly on applications, their failure to provide written notices of decision, their failure

to inform Plaintiffs of their right to request a fair hearing, their failure to provide notice

of any available variances or waivers, and their failure to notify persons denied assistance

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

of the ability to request a reasonable accommodation violates the Due Process Clause of the Fourteenth Amendment.

## REQUEST FOR RELIEF

Plaintiffs seek the following relief from this Court:

A)   Certification of this action as a class action under Vermont Rule of Civil Procedure 23(b)(2);

B)  Issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants from evaluating the Plaintiff class' eligibility for GA emergency housing using Rule EH-720 of the Emergency Housing Waiver and Variance of Rules (June 1, 2021);

C)  Issuance of a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants from terminating any current GA emergency housing program participants from the program before they have had the opportunity to reapply for program benefits without being subject to Rule EH-720, received a notice of decision, received notice of any available waivers or variances to the program rules, and had an opportunity to grieve any denial of benefits.

D)  Declaratory relief stating that Rule EH-720 was implemented in violation of the process set forth in the APA, and as such, it lacks force and effect;

E)  Declaratory relief stating that Defendants must provide prospective applicants for GA emergency housing with the opportunity to apply, notice of program rules and verification requirements, prompt action on application, notice of missing information, notice of decisions, notice of the right to request a fair hearing, notice of any waivers or variances available (if applicable), and notice of the right to request accommodations for

**Vermont Legal Aid**
264 North Winooski Ave.
Burlington, VT 05401
(802) 863-5620
burlmail@vtlegalaid.org

persons with disabilities.

D) Waive the giving of any security under Vermont Rule of Civil Procedure

65(c);

E) Grant such other and further relief as is just and equitable.

Dated in Burlington, Vermont, this 28th day of June 2021.


                                    /s/ Jessica Radbord
                            By:    Jessica Radbord, Esq.
                                    Vermont Legal Aid, Inc.
                                    264 N. Winooski Ave.
                                    Burlington, VT 05401
                                    jradbord@vtlegalaid.org
                                    ERN: 3605

                                    Mairead O'Reilly, Esq.
                                    Vermont Legal Aid, Inc.
                                    264 N. Winooski Ave.
                                    Burlington, VT 05401
                                    mcoreilly@vtlegalaid.org
                                    ERN: 8234

                                    Laura Gans, Esq.
                                    Vermont Legal Aid, Inc.
                                    264 N. Winooski Ave.
                                    Burlington, VT 05401
                                    lgans@vtlegalaid.org
                                    ERN: 4167

                                    Michael Benvenuto, Esq.
                                    Vermont Legal Aid, Inc.
                                    264 N. Winooski Ave.
                                    Burlington, VT 05401
                                    mbenvenuto@vtlegalaid.org
                                    ERN: 4159