U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 AUG -2 PM 4:56

CLERK

BY _____ *Law*_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Tina Gray-Rand, Michael Hammond, )
William Royals, Taylor Cook, *et al.*, on )
behalf of themselves and all others similarly )
situated, )
)
)
      Plaintiffs, )
)
v. ) Case No. 2:21-cv-178
)
Vermont Agency of Human Services, )
Michael Smith, Secretary of the Agency of Human )
Services, and Sean Brown, Commissioner of the )
Department for Children and Families, )
)
      Defendants. )

**ENTRY ORDER
DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUEST FOR
IMMEDIATE RULING ON THEIR MOTION FOR A TEMPORARY
RESTRAINING ORDER/PRELIMINARY INJUNCTION**
(Doc. 32)

On July 22, 2021, the court held a hearing on Plaintiffs' motion for a temporary restraining order/preliminary injunction. On that same date, Plaintiffs filed new declarations and Defendants filed a motion to dismiss which contained many of Defendants' arguments in opposition to Plaintiffs' motion for a temporary restraining order/preliminary injunction. Defendants sought to incorporate their motion to dismiss by reference and asked the court to consider the arguments set forth therein even though the motion to dismiss was not ripe for adjudication. At the court's hearing, both parties briefly addressed class certification although there is no motion for class certification pending.

On July 23, 2021, the court entered an Extended Temporary Restraining Order (Doc. 25) which required that current participants in the GA program be offered the opportunity to remain in the program and self-attest to a disability until the court rendered

a decision on Plaintiffs' motion for a temporary restraining order/preliminary injunction. The Extended Temporary Restraining Order further required the parties to provide the court with a briefing schedule regarding the motion for a temporary restraining order/preliminary injunction, motion to dismiss, and, if they chose, motion for class certification, and to propose stipulated amendments to the Extended Temporary Restraining Order.

On July 28, 2021, the parties proposed a briefing schedule, which the court adopted, which renders the motion to dismiss and the motion for class certification ripe for adjudication on August 27, 2021. The parties also proposed stipulated amendments to the Extended Temporary Restraining Order which the court adopted. Two days later, on July 30, 2021, in a reply brief,[1] Plaintiffs requested an immediate ruling on their motion for a temporary restraining order/preliminary injunction. In doing so, Plaintiffs do not explain why the court's Amended Extended Temporary Restraining Order (Doc. 29) fails to protect their interests during the parties' briefing schedule.

The Amended Extended Temporary Restraining Order provides that "[p]articipants in the GA program as of July 22, 2021, . . . who self-attest to having a disability and are otherwise eligible *shall* be entitled to remain in GA housing until the court renders a decision on Plaintiffs' motion for a temporary restraining order/preliminary injunction." (Doc. 29 at 2, ¶ 1) (emphasis supplied). Plaintiffs, to the extent they are participants in the GA program, thus remain entitled to GA housing benefits under the Amended Extended Temporary Restraining Order. In their reply brief, Plaintiffs fail to identify a Plaintiff that is not protected by the court's Amended Extended Temporary Restraining Order.

To the extent Plaintiffs seek an order that extends to the proposed class members, including future applicants to the GA program, class certification has not yet been requested. While "a district court has general equity powers allowing it to grant temporary or preliminary injunctive relief to a conditional class[,]" this requires the court

---

[1] Courts generally do "not consider arguments raised for the first time in a reply brief[.]" *Keefe ex rel. Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995).

2

to consider whether class certification is appropriate. *Mays v. Dart*, 453 F. Supp. 3d 1074, 1085 (N.D. Ill. 2020). Because Plaintiffs have not yet filed a memorandum in support of their motion for class certification and their briefing schedule indicates that it will not be ripe for adjudication until August 27, 2021, the court will not address it without the benefit of both parties' briefs.

## CONCLUSION

For the foregoing reasons, the court DENIES without prejudice Plaintiffs' request for immediate ruling on its motion for a temporary restraining order/preliminary injunction. (Doc. 32.)

SO ORDERED.

Dated at Burlington this 2nd day of August, 2021.

Christina Reiss, District Judge
United States District Court

3