**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| Tina Gray-Rand, Michael Hammond, | ) | |
| William Royals, Taylor Cook, *et al.,* on | ) | |
| behalf of themselves and all others similarly | ) | |
| situated, | ) | |
|      Plaintiffs | ) | |
| | ) | Civil Action No. 2:21-cv-00178-cr |
|      v. | ) | |
| | ) | |
| Vermont Agency of Human Services, | ) | |
| Michael Smith, Secretary of the Agency of | ) | |
| Human Services, and Sean Brown, | ) | |
| Commissioner of the Department for | ) | |
| Children and Families, | ) | |
|      Defendants | ) | |

## SETTLEMENT AGREEMENT

Plaintiffs Tina Gray-Rand, Michael Hammond, William Broyles (named in the pleadings

as William Royals), and Taylor Cook,[1] and Defendants the Vermont Agency of Human Services,

Michael Smith, Secretary of the Agency of Human Services, and Sean Brown, Commissioner of

the Department for Children and Families ("DCF" or the "Department") (collectively the

"Parties") hereby agree as follows:

1. <u>Consideration</u>: In consideration for the changes to rule and policy identified below, and

for other good and valuable consideration, the sufficiency of which is hereby acknowledged by

the Plaintiffs, Plaintiffs agree to the full and complete settlement of all claims that were asserted

or could have been asserted in the above-captioned action (the "Litigation"). This settlement of

claims does not preclude Plaintiffs from exercising the right to a fair hearing regarding their own

---

[1] This action was commenced as a class action but the class has not been certified. The Parties are settling this case
in their individual capacity and not on behalf of the proposed class.

individualized benefits determinations before the Human Services Board as provided in 3 V.S.A. § 3091.

2. <u>Effective Date</u>: This Agreement will be effective upon the Court's approval[2] of the Stipulated Dismissal. The time to complete the actions to be taken under this Agreement are specified as follows:

10 business days after Court approval - Publication of modified rules and procedures

10 business days after Court approval - Notice of staff completed

10 business days after Court approval - Notice to applicants, participants & community service
                                    providers completed

3. <u>Releases, Stipulation of Dismissal, Costs and Fees</u>: Concurrently with execution of this Settlement Agreement, Plaintiffs shall execute releases of their claims, attached as Attachment C to this Agreement. Plaintiffs' counsel shall file the Stipulated Dismissal upon approval of the Parties. Each Party shall bear its own costs and attorneys' fees.

4. <u>Modifications to General Assistance Emergency Housing Program Rules</u>: The Department shall modify General Assistance Emergency Housing Program Rules EH-720 and EH-701 as provided in Attachment A.

5. <u>Modification to the General Assistance Emergency Housing Program Procedures</u>: The Department shall revise the General Assistance Emergency Housing Program Procedures as set out in Attachment B. In consultation with Plaintiffs, the Department shall develop a GA Housing Disability Verification Form that incorporates the modifications to the rules and procedures as provided in Attachment A and B.

---

[2] The Parties do not intend this Stipulated Dismissal and Settlement Agreement to be or to be construed as, nor shall they be construed as, a consent decree or consent order. This Settlement Agreement shall solely be enforced as laid out in Paragraph 9 of this Agreement.

6. <u>Effective Date and Duration of Modifications</u>: Defendants shall adopt these changes to General Assistance Emergency Housing Program Rules EH-720 and EH-701 and to the General Assistance Emergency Housing Program Procedures by the date specified in paragraph 2. Defendants commit to maintaining the modifications and additions to Rules EH-720 and EH-701 and the General Assistance Emergency Housing Program Procedures identified in Paragraphs 4 and 5 of this Agreement until June 30, 2022, unless there is a need to respond to a public health emergency or other emergency warranting an expansion in eligibility during this period.

7. <u>Notice of Modifications to Applicants, Participants, and Community Service Providers</u>: Defendants shall give notice to applicants, participants, and community service providers of the GA Housing Disability Verification Form and the changes to Rules EH-720 and EH-701 and the General Assistance Emergency Housing Program Procedures contained in this Agreement by: posting the changes online, sending an email to the ESD subscribers list, distributing a guest letter to rooms at the motels that Emergency Housing participants are staying in, posting a notice in the DCF district offices, and instructing ESD employees to inform people of the changes when they call to apply for Emergency Housing. Each notice shall include Vermont Legal Aid, Inc.'s contact information.

8. <u>Notice of Modifications to Staff</u>: Defendants shall inform current DCF staff, to include eligibility staff, supervisors, and operations, of the changes to Rules EH-720 and EH-701 and the General Assistance Emergency Housing Program Procedures via email.

9. <u>Mediation</u>: The Parties agree to engage in good faith in non-binding mediation to resolve any dispute regarding an alleged breach of this Agreement after a period of notice and cure. Specifically, if a Party believes that a term of this Agreement has been violated, this Party shall provide notice to the other Party of the alleged violation in writing. To the extent necessary, the

Parties will meet and confer regarding any alleged breach. The Party to whom notice is sent shall respond in writing within 14 days indicating that it will modify its behavior to cure the alleged breach or indicating that it does not believe a breach has occurred. In response, the alleging Party will advise that it concurs with the response or invoke the right to seek mediation within 30 days. The mediator shall be Michael Marks, Esq., or in the event he is unavailable, another mediator as agreed to by the Parties. Once the alleging Party has advised that it is invoking the right to seek mediation, that Party shall ask the mediator to promptly schedule mediation. The Parties shall each pay half the full cost of mediation. If, following mediation, the Parties are still unable to resolve any alleged violation, the aggrieved Party may sue for breach and specific performance of the obligations in this Agreement.

10. <u>Requisite Authority</u>: Each Party to this Agreement represents and warrants that the person who signed this Agreement on his, her, their, or its behalf is duly authorized to enter into this Agreement and to bind that Party to the terms and conditions of this Agreement.

11. <u>No Admission of Liability</u>: This Agreement is not an admission of liability by the Parties. This Agreement and the termination of this Litigation shall not be construed as a favorable termination reflecting on the merits of the Litigation for any Party.

12. <u>Entire Agreement</u>: This Agreement sets forth all terms of the Parties' understanding. All prior understandings and discussions are merged into this Agreement. Attachments A-C are incorporated into the terms of this Agreement and considered part of it.

13. <u>Amendment</u>: The Agreement may not be amended, modified, or waived, except by written agreement of the Parties.

14. <u>Execution</u>: The Agreement may be executed in counterparts.

15. <u>Choice of Law</u>: This Agreement shall be interpreted in accordance with the laws of the State of Vermont.

16. <u>Authorship</u>: This Agreement has been authored by both Parties and the Parties acknowledge that a provision may not be interpreted in favor of or against any Party based upon authorship of this Agreement.

17. <u>Severability</u>: If any provision of this Agreement shall be declared by any Court of competent jurisdiction to be illegal, void, or unenforceable, the other provisions of the Agreement shall remain in full force and effect.

18. <u>Notice</u>: Notice to Plaintiffs pursuant to this Agreement shall be by email to Jessica Radbord; notice to Defendants shall be by mail to the Attention of: General Counsel, Department for Children and Families, Agency of Human Services, HC 1 South, 280 State Drive, Waterbury, VT 06571. The Parties must provide notice of any changes to the contact information.

On behalf of the Parties, the undersigned agree to the form and content of this Agreement.

/s/ Jessica Radbord

Jessica Radbord, Esq.
Vermont Legal Aid, Inc.
264 N. Winooski Ave.
Burlington, VT 05401
Telephone: (802) 863-5620
jradbord@vtlegalaid.org
Attorney for the Plaintiffs

Dated: 08/19/2021

Rachel Smith, Esq.
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802)828-3178
rachel.e.smith@vermont.gov
Attorney for the Defendants

Dated: 08/19/2021